**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

------------------------------------------------------------------

| | |
|---|---|
| RITCHIE DIAZ : | |
| 646 W. 18th Street, Apt. 2 : | |
| Erie, PA 16504 : | Civil Action No.: _____ |
| : | |
| individually and on behalf of all others : | |
| similarly situated, : | **Jury Trial Demanded** |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| SUNRISE GROUPS, LLC : | |
| 744 Walnut Avenue : | |
| Bensalem, PA 19020 : | |
| : | |
| Defendant. : | |

------------------------------------------------------------------

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, Ritchie Diaz ("Plaintiff"), individually and on behalf of all other similarly situated employees of Sunrise Groups, LLC ("Defendant"), by and through his undersigned counsel, brings this Collective and Class Action Complaint ("Complaint") against Defendant and alleges, upon personal belief as to him and his own acts, and as for all other matters upon information and belief, as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this Complaint on behalf of himself and others similarly situated contending that Defendant failed to pay Plaintiff and Class Plaintiffs the mandated overtime wages for all hours worked over forty (40) hours per workweek in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100 *et seq.*

2.      Plaintiff further alleges that Defendant failed to pay Plaintiff and Class Plaintiffs their agreed upon wages for all work done and also made unlawful deductions from their paychecks in violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.*

3.      As a result of Defendant's improper and willful failure to pay its Cable and Fiber Technicians in accordance with the requirements of the FLSA and PMWA, Plaintiff and others similarly situated have suffered damages.

4.      Plaintiff brings this action for monetary damages, declaratory and injunctive relief, and other equitable and ancillary relief, to seek redress for Defendant's willful, unlawful, and improper conduct.

## **PARTIES**

5.      Paragraphs 1 through 4 are hereby incorporated by reference as though the same were fully set forth at length herein.

6.      Plaintiff Ritchie Diaz is a citizen of the United States and Pennsylvania, and currently maintains a residence at 646 W. 18th Street, Apt. 2, Erie, PA 16504.

7.      "Class Plaintiffs" are the individuals who file "opt-in" consent forms with the Court.

8.      Defendant Sunrise Group, LLC is a limited liability company duly organized and existing under the laws of the Commonwealth of Pennsylvania, where it maintains a primary place of business at 744 Walnut Avenue, Bensalem, PA 19020.

9.      Defendant is a "private employer" who engages in interstate commerce and is covered by the FLSA and the PMWA.

10.     Plaintiff and Class Plaintiffs are/were employees who have been employed by Defendant during all relevant times hereto and, as such, are employees entitled to the protections of the FLSA and the PMWA.

11.     At all times relevant hereto, Defendant acted or failed to act through its agents, servants and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

13.     This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as his federal law claims.

14.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as Defendant's principal place of business is located in this district, and the unlawful practices of which Plaintiff is complaining were committed in this district.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15.     Paragraphs 1 through 14 are hereby incorporated by reference as though the same were fully set forth at length herein.

16.     This action is brought as a collective action to recover unpaid overtime wages, liquidated damages, unlawfully withheld wages, statutory penalties and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

17.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the position of Cable and Fiber Technician, or in positions with substantially similar job duties,

who were denied mandated overtime wages for all hours worked above forty (40) hours per work week (the members of the putative class are hereinafter referred to as the "Class Plaintiffs"). Specifically, upon information and belief, Plaintiff contends that Defendant unlawfully misclassified him and Class Plaintiffs as independent contractors under the FLSA and PMWA and failed to accurately track and pay them for all hours worked.

18.     Upon information and belief, Plaintiff estimates that there are at least twenty (20) other similarly situated Cable and Fiber Technicians who either were or are working for Defendant during the past three (3) years and were unlawfully denied overtime wages as a result of the unlawful practices described above. The precise number of employees can be easily ascertained by Defendant. These employees can be identified and located using Defendant's payroll and personnel records. Potential Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail, electronic mail, and/or publication.

19.     Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly situated. Plaintiff and Class Plaintiffs were similarly denied overtime wages for all hours worked over forty (40) in a workweek as a result of Defendant's unlawful practices, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures.

20.     Plaintiff will request the Court to authorize notice to all current and former similarly situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation and liquidated damages under the FLSA.

**CLASS ACTION ALLEGATIONS**

21.     Paragraphs 1 through 20 are hereby incorporated by reference as though the same were fully set forth at length herein.

22.     Plaintiff brings this action individually, and on behalf of all other similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure, who were employed by Defendant in the position of Cable and Fiber Technician during the last three (3) years and who were denied overtime wages for all hours worked over forty (40) in a work week as a result of Defendant's unlawful practices.

23.     The class is so numerous that joinder of all members is impracticable. Class members may be informed of the pendency of this Class Action by direct mail, electronic mail, and publication.

24.     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

A.     Whether Defendant failed to pay Plaintiff and the Class overtime wages in the period when said wages became due and owing in violation of the FLSA and PMWA;

B.     Whether Defendant failed to accurately track and maintain records of the hours worked by Plaintiff and the Class; and

C.     Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount.

25.     Plaintiff's claims are typical of the claims of the Class members. Plaintiff is a former employee of Defendant who was employed in the position of Cable and Fiber Technician who has suffered similar injuries as those suffered by the Class members as a result of Defendant's

failure to pay overtime. Defendant's conduct of violating the FLSA and PMWA has affected Plaintiff and the Class in the exact same way.

26.     Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

27.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

28.     Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.     The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

B.     Defendant, by failing to pay overtime wages when they became due and owing in violation of the FLSA and PMWA, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and,

C.     The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness, and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

29.     A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

## FACTUAL BACKGROUND

30.     Paragraphs 1 through 29 are hereby incorporated by reference as though fully set forth at length herein.

31.     Plaintiff first began his employment with Defendant on or about April 15, 2020, when he was hired as a Cable and Fiber Technician.

32.     Plaintiff was employed by Defendant as a Cable and Fiber Technician from on or about April 15, 2020 until in or around September 1, 2020.

33.     Upon information and belief, during the past three (3) years, Defendant has employed at least twenty (20) individuals in the position of Cable and Fiber Technician.

34.     Plaintiff, along with Defendant's other Cable and Fiber Technicians, were/are primarily responsible for repairing and maintaining cable and fiber lines for Defendant's clients.

35.     Plaintiff, and upon information and belief Class Plaintiffs, have traveled interstate while working for Defendant. For example, Plaintiff and Class Plaintiffs have performed work for Defendant in Connecticut and Louisiana.

36.     Plaintiff typically worked (6) days per week and worked approximately seventy-eight (78) hours per workweek.

37.     By way of example, upon information and belief, during the week of May 3, 2019 Plaintiff worked approximately seventy-eight (78) hours.

38.     During the course of his employment, Defendant did not pay Plaintiff an hourly wage for his hours worked.

39.     Instead, irrespective of the number of hours worked, Plaintiff was paid a day rate of $75 per shift, plus $20 per job completed.

40.     Due to Defendant's pay structure and amount of hours worked by Plaintiff each work week, Plaintiff was not compensated at a rate of one-and-one-half times Plaintiff's regular rate of pay for all hours worked over forty (40) in a work week.

41.     Accordingly, Defendant failed to pay Plaintiff the required overtime wages as mandated by the FLSA and PMWA.

42.     Upon information and belief, Class Plaintiffs worked similar hours and were not compensated with overtime wages.

43.     The above-referenced behavior evidences the willfulness of Defendant's violations of the FLSA and PMWA.

44.     In addition, Defendant routinely deducted wages from Plaintiff and Class Plaintiffs for allegedly not performing the required quality of work for Defendant's clients.

45.     Such deductions are illegal under the WPCL.

8

46.     As a result of Defendant's aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages, including, but not limited to economic damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY MINIMUM WAGE**

47.     Paragraphs 1 through 46 are hereby incorporated by reference as though the same were fully set forth at length herein.

48.     Pursuant to Section 207(a)(1) of the FLSA, all non-exempt employees must be compensated at a rate not less than one-and-one-half times their regular rate of pay for every hour worked over forty (40) in a work week.

49.     Defendant misclassified Plaintiff and Class Plaintiffs as independent contractors, rather than employees, within the meaning of the FLSA/PMWA, thus failing to pay them overtime compensation for all hours worked over forty (40) in a work week.

50.     Defendant failed to accurate track and maintain records of all hours worked by Plaintiff and Class Plaintiffs.

51.     As a result, Defendant failed to pay Plaintiff and Class Plaintiffs overtime compensation for all hours worked over forty (40) in a work week at 1.5 times their regular rate of pay.

52.     The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

53.     Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

54.     Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of himself and Class Plaintiffs:

A.     An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.     An Order from this Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all employees who have worked for Defendant during the preceding three (3) years in the position of Cable and Fiber Technician and/or in positions with similar job duties, and authorizing Class Plaintiffs' counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid minimum wage as required by the FLSA;

C.     Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D.     Adjudicating and declaring that Defendant violated the FLSA by failing to pay the mandated overtime wages to Plaintiff and Class Plaintiffs for all hours worked over forty (40) in the work week;

E.     Awarding Plaintiff and Class Plaintiffs back pay wages in an amount consistent with the FLSA;

F.      Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G.      Awarding Plaintiff and Class Plaintiffs reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

H.      Awarding pre- and post-judgment interest and court costs as further allowed by law;

I.      Granting Plaintiff and Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J.      For all additional general and equitable relief to which Plaintiff and Class Plaintiffs may be entitled.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

55.     Paragraphs 1 through 54 are hereby incorporated by reference as though the same were fully set forth at length herein.

56.     The Pennsylvania Minimum Wage Act ("PMWA") provides that employers must pay certain "minimum wages" to its employees. See 43 P.S. § 333.113.

57.     The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a work week.  See 43 P.S. § 333.113.

58.     Plaintiff and, upon information and belief, Class Plaintiffs were based in Pennsylvania for purposes of coverage under the PMWA by virtue of, among other things, as described above, the fact that they regularly reported to and received directives from Defendant's

11

corporate offices in Pennsylvania, were supervised and subject to decision making concerning the terms and conditions of their employment by Defendant's Pennsylvania-based management, and worked for Defendant in Pennsylvania on certain projects.

59.   By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiff and Class Plaintiffs for all hours work.

60.   As a result of Defendant's unlawful acts, Plaintiff and Class Plaintiffs are/have been deprived of compensation in an amount to be determined at trial, and are entitled to recovery of such amount, together with interest, costs, and attorney's fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff and Class Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant, and grant them the maximum relief allowed by law, including, but not limited to:

A.   An Order certifying this case as a class action and designating Plaintiff as the class representative of the Class and his counsel as class counsel;

B.   An award to Plaintiff and Class Plaintiffs for the amount of unpaid overtime wages to which they are entitled, including interest thereon, and penalties subject to proof;

C.   An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the PMWA; and

D.   An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## COUNT III
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW
### 43 P.S. § 260.1, *et seq.*
### FAILURE TO PAY WAGES DUE AND OWING

61.     Paragraphs 1 through 60 are hereby incorporated by reference as though the same were fully set forth at length herein.

62.     Under the WPCL, "[a]ll wages . . . earned in any pay period shall be due and payable within the number of days after the expiration of said pay period as provided in a written contract of employment."  See 43 P.S. § 260.3(a).

63.     An employer may only deduct from an employee's pay "deductions provided by law, or as authorized by regulation of the Department of Labor and Industry for the convenience of the employee."  See id.

64.     No provision of the WPCL, including an employee's right to payment of all wages "earned in any pay period" may be "contravened or set aside by a private agreement."  See 43 P.S. § 260.7.

65.     Defendant made deductions to the wages of Plaintiff and Class Plaintiffs for reasons including, but not limited to, the alleged unacceptable quality of their work.

66.     Such deductions are not permitted by the WPCL.

67.     The aforementioned deductions are "wages" that were "earned" within the meaning of the WPCL, and are due and owing under the WPCL.

68.     As a result of Defendant's failure to pay Plaintiff and Benefits Class Plaintiffs these wages due and owing, Plaintiff and Benefits Class Plaintiffs are entitled to liquidated damages equal to twenty-five percent (25%) of the total amount of wages due.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of himself and Class Plaintiffs:

A.     An Order from this Court permitting this litigation to proceed as a class action and designating Plaintiff as the representative of the Class and his counsel as class counsel;

B.     An award to Plaintiff and Benefits Class Plaintiffs in the amount they are owed under their agreement with Defendant in unpaid wages, plus interest thereon;

C.     Liquidated damages of twenty-five (25%) under the WPCL;

D.     An award to Plaintiff and Class Plaintiffs of reasonable attorneys' fees and costs pursuant to the WPCL; and

E.     An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**


By:     */s/ Benjamin Salvina*
        Benjamin Salvina, Esq.
        Murphy Law Group, LLC
        Eight Penn Center, Suite 2000
        1628 John F. Kennedy Blvd.
        Philadelphia, PA 19103
        TEL: 267-273-1054
        FAX: 215-525-0210
        bsalvina@phillyemploymentlawyer.com
        *Attorney for Plaintiff*

Dated: July 21, 2021

## <u>DEMAND TO PRESERVE EVIDENCE</u>

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and Class Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation